UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO: 2:12-CV-00066-BR

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, ) ) ) Plaintiff, ) ) v. ) JACOB WHITFIELD, and ) L. W., a minor, through his Guardian Ad Litem, ) ) Defendants. ) | ORDER |

This matter is before the court on plaintiff Unum Life Insurance Company of America's motion for default judgment against defendant Jacob Whitfield and for dismissal and an award of fees and costs. (DE # 26.) Neither Whitfield nor the other defendant, L.W., a minor who is represented by his guardian ad litem, have filed a response to the motion, although both were served with copies thereof.

By way of background, in November 2012, plaintiff filed an amended complaint in interpleader against Whitfield and L.W., regarding the entitlement to insurance benefits resulting from the death of their father, Brian Whitfield. (DE # 11.) According to plaintiff's allegations, Whitfield killed his father (as well as his step-mother) and murder charges are pending against him, and pursuant to North Carolina statutes and common law, Whitfield is precluded from recovering any benefits on account of his father's death. (Id. ¶¶ 7, 9, 11.) One half of the insurance benefits have already been paid for the benefit of L.W. (Id. ¶ 11; Mem., DE # 27, at 1.) The other half of the benefits (with interest), $111,716.34, which is the subject of the instant dispute, have been deposited by plaintiff in the court's registry. (Order, DE # 12; Mem., DE #

26, at 1.)

On plaintiff's motion, the Clerk entered default against Whitfield. (DE # 19.) L.W. subsequently answered the amended complaint and alleges a cross-claim against Whitfield, claiming he (L.W.) is entitled to the interpleader funds based on North Carolina's "slayer" statute, N.C. Gen. Stat. § 31A-3, *et seq.* (DE # 21.) To date, Whitfield has not filed an answer or other response to the cross-claim, despite being served with the same. (See DE # 25.) All discovery proceedings have been stayed pending resolution of the criminal charges against Whitfield. (DE # 24.) With the instant motion, plaintiff requests that judgment be entered against Whitfield and that it be dismissed from this action and awarded fees and costs from the interpleader funds.

> "[T]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." *Amoco Production Co. v. Aspen Group*, 59 F. Supp. 2d 1112, 1116 (D. Colo. 1999) (quoting *Gulf Coast Galvanizing, Inc. v. Steel Sales Co.*, 826 F. Supp. 197, 203 (S.D. Miss. 1993)[)]. Further, in an interpleader action in which all but one named interpleader defendant has defaulted, the remaining defendant is entitled to the *res. Id. See also Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); *New York Life Ins. Co. v. Connecticut Development Authority*, 700 F.2d 91, 95 n.6 (2d Cir. 1983) (default of interpleader defendants expedited conclusion of interpleader action by obviating need for judicial determination of answering defendant's entitlement to stake); *General Accident Group v. Gagliardi*, 593 F. Supp. 1080, 1089 (D. Conn. 1984); *Sun Life Assur. Co. of Canada v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006).

Life Ins. Co. of N. Am. v. Hale, No. 08-cv-02551-RPM-KMT, 2009 WL 2843270, at *3 (D. Colo. Aug. 31, 2009).

Given that default has been entered against Whitfield, he has not responded to L.W.'s cross-claim, and L.W. is the only other interpleader defendant, the court concludes that it is appropriate to dispose of the action at this time. The court exercises its discretion to not award fees and costs to plaintiff. See Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Sprague, 251 F. App'x 155, 156 (4th Cir. 2007) (per curiam) (recognizing that courts have held it proper to reimburse an interpleader plaintiff its fees and costs pursuant to the court's discretionary authority).

Plaintiff's motion is ALLOWED IN PART. It is hereby ORDERED that:

1. The Clerk disburse the sum of $111,716.34 to Ralph G. Willey, III as guardian ad litem for L.W., P.O. Box 7846, Rocky Mount, NC 27804-7846;

2. Within 10 days hereof, the guardian ad litem file with the court a motion for approval of reasonable fees and costs (with appropriate supporting documentation) he seeks to have deducted from the proceeds payable to L.W.;

3. If the guardian ad litem does not file a motion for approval within 10 days, he shall disburse the entire $111,716.34 for the benefit of L.W.;

4. Plaintiff shall not recover any fees and costs from the interpleader funds;

5. Plaintiff is discharged from any further liability under its insurance policies by reason of the death of Brian Whitfield and is DISMISSED WITH PREJUDICE; and,

6. The Clerk enter judgment in favor of L.W. and against Whitfield and close this case.

This 9 April 2014.

                                                W. Earl Britt
                                                Senior U.S. District Judge